**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 09-21188-CIV-KING/BANDSTRA

ERNEST HEFLIN,

      Plaintiff,

  v.

MIAMI-DADE  COUNTY,  a  Florida  Political  Subdivision;
EDUARDO PARES, LUIS CORREA, JR.,
RODERICK SILVA,  JOHN DOE, whose identity
has been concealed by the defendants,
PAMELA JACKSON, and ROBERT PARKER,
In their individual capacities,

      Defendants.

_____/

## PLAINTIFF'S MOTION FOR RECONSIDERATION AND TO VACATE ORDER OF DISMISSAL WITH PREJUDICE

Plaintiff, ERNEST HEFLIN, moves the Court to reverse and vacate its Order Granting

Motion to Dismiss (DE-27), which is a final order dismissing Plaintiffs claims with prejudice,

and states the following.

1.     In this case, Plaintiff, a partially disabled Viet Nam War veteran, alleges that, in

his own home, he was arrested by police officers with no probable cause whatsoever and was

beaten in the process without  provocation.  This has been pled as plainly and clearly and in as

much detail as possible and more than is necessary pursuant to all applicable law.

2.     Clearly a cause of action has been stated.

3.     The Court has dismissed this matter with prejudice on the grounds that the first

Amended Complaint "Has again failed to plead sufficient facts to state a cause of action." (DE-

27, p. 1)  This is not the correct standard for dismissal with prejudice and the Court does not

specify that any element is not sufficiently pled.

4.      Further, the Court possibly based its decision on its finding that Plaintiff has again failed to plead certain relevant facts.  Plaintiffs do not have to plead all facts relevant to case. Plaintiff must merely plead facts that satisfy the elements required for a particular cause of action.  The facts the Court cites are not essential facts.  Rather, they *might be relevant* to a potential defense.  The law does not require the recitation of such facts in a complaint.

5.      Finally, the Court might have dismissed the case with prejudice as a sanction.  If so, the Order would be equally improper.

6.      In the interests of avoiding the costs and delay of an appeal of this patently improper order, the Court should reconsider and vacate the Order and deny the motion to dismiss which is utterly without merit.

WHEREFORE, Plaintiff, ERNEST HEFLIN, moves the Court to reverse and vacate its Order Granting Motion to Dismiss (DE-27)


## MEMORANDUM OF LAW

### A.  DISMISSAL IS IMPROPER AS A CLAIM HAS BEEN OR CAN BE STATED.

The United States Supreme Court stated in 1957:

> In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Conley v. Gibson*  355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957).  This is one of the most fundamental, concrete, critical, well-known, easily understood, and oft-quoted rules of law in the history of civil litigation in this great country.  It is very difficult to conceive that this Court would dismiss a citizen's lawsuit alleging egregiuos police abuse and deceit of a totally innocent person, without even reciting this legal standard and clearly explaining how and why it is not met

in the case.

The core facts of this very simple, straightforward case, are pled in five paragraphs of the complaint. These alone state a cause of action for all relief requested against the officers and the County under state law:

19. The Defendants entered Plaintiff's home without seeking or obtaining consent and without sufficient probable cause to justify their entrance without consent. The entry of the home without consent was in violation of the Fourth Amendment.

20. The officers immediately handcuffed Plaintiff without performing an investigation, without talking to anyone, and without issuing any orders.

21. At no time did the officers have cause to seize Plaintiff. They had no probable cause to believe that he had committed a crime, had not committed a crime in their presence, and did not physically threaten them.

22. Plaintiff asked why he was handcuffed and was met with verbal abuse.

23. Defendants then pushed Plaintiff to the ground while in handcuffs, causing temporary injury to Plaintiff's elbows and permanent injuries and partial disability to Plaintiff's shoulders.

24. Defendants then dragged Plaintiff out of the house, causing abrasions and bruising. Plaintiff also suffered lacerations on his buttocks in the incident.

(Amended Complaint)

A police misconduct case cannot be any simpler, or pled any more clearly or sufficiently that is done in the above six paragraphs. If Judge King cannot accept the fact, or even possibility, that police officers sometimes arrest and physically abuse people for no reason or because they need counseling or should not be police officers, he, respectfully, should not be a judge.[1]

_____

[1] In a previous trial by undersigned as Plaintiff's counsel before Judge King, Judge King dismissed on a Rule 50 motion Plaintiff's entire case after Plaintiff rested. Following that decision, Judge King threatened to imprison Mr. Norkin, admitting that would be a false arrest. Judge King stated something to the effect of: "Mr. Norkin, if you speak again, I'll have the

Mr. Ernest Heflin, the Plaintiff in this case, served this country in the Viet Nam War and lost most of the use of one of his arms fighting for his country.  He sacrificed for this country and he, (regardless of that fact, it goes without saying), is entitled to the protection of its laws, especially its most fundamental.  Here, a member of the government, the Honorable James Lawrence King, is clearly depriving him of his rights just as clearly as the police officers who beat him up and put him in jail when he was solely and peaceably occupying his own home.

In the Order dismissing Mr. Heflin's claims with prejudice, the Honorable James Lawrence King does not even recite the above standard of law, much less come to the impossible

---

Marshall put you in that little room back there and then you'll know what false arrest is." Plaintiff wrote about this in his motion to disqualify Judge King.  The Plaintiff at that time decided, out of respect for this Court, to omit what followed that outrageous act of judicial abuse.  The Court now leaves this attorney with no choice but to relate the rest of the story.

After Judge King left the courtroom, the Plaintiff, a 36 year-old house painter – who had been severely beaten by seven police officers after he successfully ended a fight between two other men – was outside the courtroom with undersigned, crying.  The U.S. Marshall Judge King had referred to, approached us and told us that she had overheard the jurors all stated their opinions that this was an obvious and outrageous case of severe, unjustifiable police brutality.  She then told us that she had been trying to get transferred out of Judge King's division for a year-and-a-half because "He is in his own little world" and she could "not stand listening to him anymore."

Judge King dismissed that case with a one sentence decision: "Based on the totality of the circumstances, I find that the police officers acted reasonably here."  That was it.  Plaintiff lost his right to have his claims decided by a jury.

This lawyer has suffered many similar, and more devastating, judicial decisions and other acts as a litigator practicing police misconduct litigation in this court.  He has maintained detailed records and evidence of all of them.  this attorney is passionately dedicated to the pursuit, protection and restoration of civil rights in this country and in our courts.  And, this attorney is passionately committed to, and is a stand for, honesty and integrity in our leaders.  While this may be a naive ideal that will never be realized, this lawyer will surely die pursuing and fighting for it.

Judge King has already denied Plaintiff's motion to recuse him on these grounds among others.  If this Order is denied, Plaintiff will appeal both the dismissal of this case and the denial of the motion to recuse.  If the court will consider that such an appeal would be a terrible waste of judicial resources, perhaps that will weigh in favor of granting this motion as well.

4

conclusion that a claim could not be stated here.

As egregious as it is, this is an ordinary (unfortunately for our society) false arrest and excessive force/battery case.  This attorney has filed dozens of such cases, taken eight to trial, settled dozens of others, and argued several before the 11th Circuit Court of Appeal.  For a lifelong member of our Federal Judiciary to say that he has not pled a cause of action in such a simple case, or that this sophisticated, professionally drafted complaint does not state a claim for which relief can be granted, is wrong, shocking, and disturbing.[2]

Accordingly, the Order must be reversed and vacated.

## B.  THE COURT'S RATIONALE FOR FINDING THE COMPLAINT DEFICIENT IS INHERENTLY IMPROPER AND INCORRECT AND MANDATES RECUSAL.

It appears, though this is far from clear, that the Court may have dismissed Plaintiffs claims with prejudice as a sanction for some violation of the Court's previous order.  In the subject order, the Court wrote:

> On May 1, 2009, Plaintiff filed its Complaint in the above-styled case. The Court dismissed the same without prejudice on July 30, 2009 (D.E. #16), because Plaintiff failed to plead sufficient facts to support its claims. In the Court's order, the Court explained "[i]n cases such as the above-styled action, where a plaintiff files a claim under 42 U.S.C. § 1983 against government officials, he must satisfy a heightened pleading standard above that which would otherwise be sufficient" (D.E. #16). The Court's Order goes on to state

---

[2] Undersigned counsel has been practicing in this court for over 16 years. Undersigned apologizes to the United States District Court of Florida for setting forth his honest assessment of the impropriety of the Court's error here.  Undersigned, however, is duty-bound to not stand idly by while his clients' rights are violated by the Court.  Undersigned therefore respectfully requests that the Court consider that the Plaintiff is a human being and this incident significantly affected his life.  He has come to this Court (actually he went to the State Court and the Defendants brought the case to this Court, probably hoping for a decision such as that they have now received) seeking legal redress.  The Court is taking that from him in direct violation of the laws  that govern this Court.  The Court should rectify this error and save the taxpayers a lot of money and this Court's and the 11th Circuit Court of Appeal's very valuable time.

that Plaintiff **omitted relevant facts**, **including, b**ut ***not limited to,*** **more detailed information regarding the telephone call made to the police** (Compl. ¶ 18), **the parties involved in the underlying dispute that led to the telephone call** (Compl. ¶ 18), **and the various interactions between Plaintiff, Defendants, and any other parties present**. (Compl. ¶ 19-24).

(DE 27 p. 1-2)(Bold emphasis added.  Italics in original.)

As Plaintiff has previously argued, the Court's conclusion that Plaintiff "Omitted relevant facts" is **inherently and unavoidably erroneous**.  In making this assertion, Hon. James Lawrence King is either saying that he possesses knowledge of the subject incident independent of what is in the court file (only the complaint has asserted facts in this case), or He has prejudged that there ***must be*** some omitted facts because the facts as pled are ***not credible***.  A judge cannot make such credibility determinations in summary judgment when there is actual evidence in the record, much less do so when only the complaint has been filed.

If He is familiar with the subject incident or has prejudged the credibility of the Plaintiff or the facts presented, Judge King must know that he **must recuse himself** from this case.  However, Judge King already denied Plaintiff's motion for recusal.  Therefore, Judge King must have admitted that His statement that Plaintiff has "Omitted relevant evidence" was erroneous.  However, Judge King has now dismissed this case based on this false, incorrect and improper premise.

Plaintiff did not omit any ***essential*** facts from either complaint.  It could be that some "Relevant" facts were omitted, but the law does not require plaintiffs to plead **all relevant facts**.  A complaint needs only to plead the facts necessary to state a claim; to allege all of the elements.

For example, what happened on the phone call leading the officers to come to Plaintiff's home is not relevant to any element the Plaintiff needs to prove not only to state a claim, but to win this case.  This fact is relevant only to the potential affirmative defense that the officers had

6

probable cause to believe Plaintiff committed a crime.

For example, Defendants might assert that the caller reported that Plaintiff committed a crime.  That did not happen, but even if it did, Plaintiff did not have to report that fact in the complaint.  In the complaint, Plaintiff affirmatively and unequivocally stated that he did not commit any crime and that the officers did not investigate or otherwise ascertain that he had committed a crime.  That is far more than what the law requires to state a claim for false arrest.  Once there is a false arrest alleged, any amount of force constitutes a battery.

Thus, what the phone call was about should be pled in Defendants' affirmative defenses if they feel the facts would help them.  Having spoken to the person who made the call, this attorney can comfortably advise the Court, and has now stated in the Amended Complaint, the phone call will not help the Defendant officers.  Luckily, the County will have preserved the tape of that call, so everyone will soon know what was said on it.

## C.  <u>DISMISSAL IS IMPROPER AS A SANCTION</u>.

Perhaps, though it does not appear to be the case, the Court dismissed the case with prejudice as a sanction for violating its Order, which directed that Plaintiff amend his complaint to state a cause of action.  The Court wrote:

> On September 9, 2009 Plaintiff filed its Amended Complaint (D.E. #21). A review of Plaintiff s Amended Complaint shows that Plaintiff bas again failed to plead sufficient facts to state a cause of action. After a careful review of Plaintiffs Amended Complaint, **it appears that Plaintiff added only three sentences** to one of the seven counts in Plaintiff s Amended Complaint. The rest of the Amended Complaint remains identical to Plaintiffs Complaint. **This is insufficient to comply with the Court's Order to assert facts that state a cause of action**.

(DE 27 p. 1-2)(Bold emphasis added.)  Under such reasoning, every time a plaintiff failed to state a claim after a second try, he would lose the right to sue.  This is not the law anywhere, including the 11th Circuit:

It bears repeating that "dismissal with prejudice is a drastic sanction that may be imposed only upon finding a clear pattern of delay or willful contempt and that lesser sanctions would not suffice." Id. at 1340 (citations omitted) (emphasis added). "We rigidly require the district courts to make these findings precisely because the sanction of dismissal with prejudice is so unsparing, and we strive to afford a litigant his or her day in court, if possible." Id. (citations omitted).

*Turner v. U.S.* 203 Fed.Appx. 952, 954 (11th Cir. 2006)

WHEREFORE, Plaintiff, ERNEST HEFLIN, moves the Court to reverse and vacate its

Order Granting Motion to Dismiss (DE-27)

Respectfully submitted, this 14th day of November, 2009, by:

JEFFREY A. NORKIN, P.A.
*Counsel for Plaintiff*
2901 Northwest 126th Avenue,
Suite 2-209
(954) 835-1220
(954) 337-3765 fax
Florida Bar No. 0969966


By: __/S/ Jeffrey a. Norkin__
     Jeffrey A. Norkin, Esq.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via electronic filing on November 14, 2009, upon Bernard Pastor, Esq., Miami-Dade County Attorney's Office.


By: __/S/ Jeffrey a. Norkin__
     Jeffrey A. Norkin, Esq.